Brian T. Kiolbasa, OSB No. 112890
kiolbasab@lanepowell.com
Mohammed Workicho, OSB No. 186140
workichom@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| REESE LYLE, a consumer residing in Oregon, individually and on behalf of all others situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>THE PROCTER & GAMBLE COMPANY, an Ohio corporation,<br><br>　　　　　　　　　　　Defendant. | Case No. 3:21-cv-1760-AC<br><br>**JOINT MOTION TO STAY ALL PROCEEDINGS PENDING JPML DETERMINATION** |

## I.  LR 7-1 CERTIFICATION

Counsel for defendant The Procter & Gamble Company ("P&G") certifies that it conferred with counsel for plaintiff Reese Lyle ("plaintiff") prior to filing this Motion, and that plaintiff's counsel consents to the relief sought herein.

## II.  MOTION

The Parties respectfully ask this Court to stay all proceedings in this action until the Judicial Panel on Multidistrict Litigation ("JPML") determines whether this action should be transferred to a different forum under 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings.

PAGE 1 –   JOINT MOTION TO STAY ALL PROCEEDINGS PENDING
　　　　　　JPML DETERMINATION

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

444444.2959/8811772.1

In support of their Joint Motion to Stay All Proceedings Pending JPML Determination ("Motion"), the Parties state as follows:

1. On December 7, 2021, plaintiff filed the above-captioned putative class action complaint (the "Complaint") against P&G asserting claims based on allegations that certain P&G aerosol antiperspirant sprays contained benzene. *See* ECF No. 1.

2. P&G has waived service of the Complaint, and P&G's deadline to respond to the Complaint currently is February 7, 2022. *See* ECF No. 5.

3. As of the filing of this Motion, there were 11 other actions in 7 other districts asserting claims related to the alleged presence of benzene in certain P&G aerosol products.

4. Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).

5. On December 13, 2021, P&G filed with the Judicial Panel on Multidistrict Litigation ("JPML") a Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Centralized Pretrial Proceedings, seeking to create a Multidistrict Litigation ("MDL") proceeding and to transfer this action and others asserting similar benzene-related claims against P&G to the Southern District of Florida for centralized pretrial proceedings. In accordance with the JPML's rules, a copy of that filing has been filed in this docket. *See* ECF No. 8.

6. On December 14, 2021, the JPML issued a briefing schedule for P&G's Motion for Transfer, with responses to the Motion for Transfer due on January 4, 2022, and replies due on January 11, 2022, *see In re Procter & Gamble Aerosol Products Marketing & Sales Practices Litigation*, MDL No. 3025, ECF No. 3, and the Panel is expected to render a decision shortly after its hearing on the Motion for Transfer, *see* John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 Tul. L. Rev. 2225, 2242 (2008) ("The Panel's rules already require a tight briefing schedule prior to oral argument on all § 1407 transfer motions. The Panel prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards . . . .").

PAGE 2 – JOINT MOTION TO STAY ALL PROCEEDINGS PENDING JPML DETERMINATION

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

444444.2959/8811772.1

7. This action was recently filed and there has been no activity in the case.

8. "A district court has the inherent power to grant a motion to stay," and "[s]taying an action pending a decision in concurrent multidistrict litigation proceedings is . . . appropriate when it serves the interests of judicial economy and efficiency." *Oregon, ex rel. Kroger v. Johnson & Johnson*, 2011 WL 1347069, at *2 (D. Or. Apr. 8, 2011) (Acosta, J.).

9. Courts in this district and in the Ninth Circuit often stay civil actions when the issue of transfer is before the JPML. *See Oregon, ex rel. Kroger*, 2011 WL 1347069, at *7 (staying case pending ruling by JPML on transfer); *Agans v. Uber Techs., Inc.*, 2018 WL 6927851, at *2 (N.D. Cal. Mar. 5, 2018) (staying case pending JPML decision on motion to transfer and centralize proceedings); *Barber v. Volkswagen Grp. of Am., Inc.*, 2015 WL 13413345, at *2 (C.D. Cal. Nov. 30, 2015) (staying cases pending JPML action); *A.D. v. Pfizer, Inc.*, 2013 WL 3889159, at *2 (N.D. Cal. July 26, 2013) (staying cases pending determination by JPML on transfer petition).

10. Plaintiff and P&G agree that the interest of efficiency for the Parties and the Court would be best served by staying this case until the JPML rules on the pending Motion for Transfer. Absent a stay, the Court and the Parties would face case management obligations and deadlines. In light of the likelihood that there will be an MDL consolidating these actions for the purpose of pretrial proceedings, a stay is prudent to avoid duplication of pretrial efforts by the Parties, any waste of judicial resources, the risk of conflicting rulings, and to promote just and efficient conduct of these actions.

11. P&G is (or soon will be) seeking similar stays in all other similar cases in which it has been served involving claims related to the alleged presence of benzene in certain P&G aerosol products.

12. Therefore, the Parties respectfully request that this Court stay the action pending the decision of the JPML in *In re Procter & Gamble Aerosol Products Marketing & Sales Practices Litigation*, MDL No. 3025, and vacate all deadlines, including P&G's obligation to

PAGE 3 – JOINT MOTION TO STAY ALL PROCEEDINGS PENDING JPML DETERMINATION

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

444444.2959/8811772.1

respond to the Complaint. If the JPML does not centralize these cases, the parties will file a status report within 14 days of the JPML's ruling.

DATED: December 16, 2021

| CASEY LAW FIRM, LLC | LANE POWELL PC |
|---|---|
| By: s/ M. Ryan Casey<br>M. Ryan Casey, OSB No. 152824<br>Telephone: (970) 372-6509 | By: s/ Brian T. Kiolbasa<br>Brian T. Kiolbasa, OSB No. 112890<br>Mohammed Workicho, OSB No. 186140<br>Telephone: (503) 778-2100 |
| | Attorneys for Defendant |
| Carl Post, OSB # 061058<br>LAW OFFICES OF DANIEL SNYDER<br>Telephone: (503) 241-3617<br>Facsimile: (503) 241-2249 | |
| Attorneys for Plaintiff | |

PAGE 4 – JOINT MOTION TO STAY ALL PROCEEDINGS PENDING JPML DETERMINATION

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

444444.2959/8811772.1